## Commonwealth v. Novak, Appellant.

238

Argued November 14, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*David Berger,* with him *Mervyn R. Turk,* for appellant.

*Paul R. Sand,* Assistant District Attorney, with him *Joseph E. Pappano,* First Assistant District Attorney and *Raymond R. Start,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, February 6, 1956:

This appeal is from an order of the Court of Oyer and Terminer of Delaware County dismissing defend-

ant's exceptions to the court's order accepting and approving the report of a sanity commission and refusing to commit the defendant to a hospital for the mentally ill.

The defendant was charged on March 9, 1955, with murder in indictments returned by the Delaware County grand jury. On May 6th, while he was confined in jail awaiting trial, his counsel petitioned the court under the provisions of the Mental Health Act of June 12, 1951, P. L. 533, as amended, 50 PS §1071, et seq., for the defendant's commitment to a mental hospital. On the same day, the court entered an order appointing a commission consisting of two qualified physicians and an attorney to investigate the defendant's condition and to report thereon to the court.

Following a psychiatric and neurologic examination of the defendant, the commission on May 27, 1955, filed with the court its report wherein it found that the defendant was not mentally defective; that there was no evidence of organic disease of his nervous system; that, although he showed a marked personality disorder leading to all kinds of aggressive and anti-social behavior, he is not mentally ill; that he is not insane; that he was able to comprehend his position with relation to the crimes for which he stands indicted, to confer with his counsel in an intelligent manner, to prepare his defense if he so desires and to make a rational defense.

After consideration of the commission's report and the evidence whereon it was based, the court entered its above-mentioned order of May 27th which, in part, contained the following: ". . . said defendant Edward Novak is not in such condition as to make it necessary that he be cared for in a hospital for mental illness and this Court does therefore refuse to commit said defendant, Edward Novak, as requested in the prayer of the

petition heretofore filed." Exceptions to this order and the commission's report were dismissed by the court en banc. This appeal by the defendant followed.

The Commonwealth has filed a motion to quash on the ground that the appeal is from an interlocutory order. That the order is interlocutory no one denies. Appellant's counsel concede that it is interlocutory but contend that, in the circumstances, it is appealable nonetheless.

As a general rule, an appeal will not lie in a criminal proceeding until judgment of sentence has been passed. It has been said, however, that this rule is not one of unyielding inflexibility. Where the interlocutory order, for all practical purposes, presents a somewhat final aspect, an appellate court will review it in order to safeguard basic human rights or to prevent a great injustice to a defendant. In *Commonwealth v. Trunk*, 311 Pa. 555, 565, 167 A. 333, it was said that "While it may be true generally that appeals may not be taken in criminal proceedings where judgment of sentence has not been passed, this rule should not be held one of universal application. There are instances where great injustice would thereby be done to defendants." In that case the trial court suspended sentence on bills upon which it did not act. We allowed an appeal and held that the action of the court below constituted an abuse of judicial discretion. In *Commonwealth v. Patch*, 98 Pa. Superior Ct. 464, a suspension of sentence after conviction was likewise held to be appealable. In *Commonwealth v. Ragone*, 317 Pa. 113, 126, 176 A. 454, the Commonwealth asserted that the defendant's appeal was premature because there was no entry of judgment on the verdict in the court below. In that case the defendant's trial for murder was abortive from the beginning, the defendant being admittedly insane. Nevertheless, the case was permitted to go to

the jury which returned a verdict of guilty. In entertaining the appeal to this court, Mr. Justice MAXEY said: "It is true that the rule is that 'there must be a final judgment or something in the nature of a final judgment before it is ripe for review in this court': Com. v. Ruth, 104 Pa. 294, 297. But this rule has, in exceptional cases and to safeguard basic human rights, been construed as not being one of unyielding inflexibility."

The appellant's current situation does not present a case of an appealable interlocutory order. He is not in danger of losing any right with respect to a conclusive determination of his mental health. He has not yet been brought to trial. If, upon trial, the jury should find him guilty of the crimes charged, he can thereafter petition for a sanity commission to examine into his mental condition, and an order ultimately entered in such proceeding would be appealable: see *Commonwealth v. Patskin*, 375 Pa. 368, 100 A. 2d 472, and *Commonwealth v. Moon*, 383 Pa. 18, 117 A. 2d 96.

In *Commonwealth v. Patskin*, supra, the petition for a commission to examine into and report on the defendant's mental condition was not filed until after he had been convicted of murder in the first degree and sentenced to death in accordance with the jury's verdict. The court, disapproving the commission's report that the defendant was mentally ill and a proper subject for commitment to a hospital, concluded that he was sane and not suffering mental illness. Thereupon the court vacated an extant stay of execution which operated as a dismissal of the petition for commitment. With execution thus facing the defendant, the order rejecting the petition was, of course, appealable under the rulings in the *Trunk* and *Ragone* cases, supra. Likewise, in *Commonwealth v. Moon*, supra, the defendant was tried and convicted of murder in the first degree

with sentence fixed by the jury at death. After verdict but before sentence had been imposed, a petition for the appointment of a commission to examine into the defendant's mental health was filed and a commission was duly appointed. After hearings, the commission reported to the court that the defendant was in fact mentally ill, that the illness was chronic and continuing, and that the defendant was a proper subject for commitment to a mental hospital. The court reviewed the sanity commission's report and the evidence whereon it was based and, concluding that the defendant was legally sane, entered an order directing that the criminal proceedings continue; a motion of the defendant for a new trial was then pending. Here, also, the court's order was appealable because of its relative finality in the circumstances.

In *Commonwealth v. Bechtel*, 384 Pa. 184, the defendant, indicted for murder, had not yet been brought to trial. Nevertheless, we entertained his appeal from the trial court's approval and adoption of the report of a sanity commission finding him mentally ill and a person of criminal tendency. The commission recommended that the defendant be committed to Farview State Hospital, and the court accordingly entered an order to that effect. The reason the order was appealable is obvious. It was final unless and until the court at some time in the future might possibly find that the defendant has been restored to mental health and rescinds the order of commitment. Furthermore, the appeal was not for the purpose of questioning the finding that the defendant was mentally ill and a proper subject for immediate hospitalization but to complain of the character of the institution to which he was committed. Unless that question could be at once reviewed on appeal, it would necessarily become moot since the defendant would continue to remain in the institution

to which he objected. The *Bechtel* case is plainly distinguishable from the present. In the former the defendant was committed for what might prove to be the balance of his life while in the present case the defendant was found not to be mentally ill and is left entirely free to litigate his mental condition further if, upon trial for the crime charged, he is found guilty.

Appeal quashed.

Mr. Justice MUSMANNO dissents.