In Re: Petition of Arlen Specter.

Argued November 29, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John Rogers Carroll,* with him *Robert E. Gabriel,* for petitioner.

*David Richman,* Assistant District Attorney, with him *Arlen Specter,* District Attorney, for respondent.

Opinion by Mr. Justice O'Brien, January 24, 1974:

The matter before us is a petition for writ of prohibition brought by Bernice Zazow, who seeks an order restraining the Honorable Harry A. Takiff, Supervising Judge of the Investigating Grand Jury of Philadelphia, from conducting proceedings in connection with a subpoena served upon petitioner.

Prior to the day scheduled for her appearance, petitioner filed a petition and motion to quash the subpoena, alleging, *inter alia,* that:

"(a) the subpoena issued to her (and the proposed questioning of her by the district attorney) was in some part based upon information gained from an interrogation of her conducted by an assistant district attorney in the absence of counsel and in the absence of warnings to her of her Miranda rights, and

"(b) the subject matter of the proposed questioning of her was entirely beyond the scope of the convening petition and charge to the investigative grand jury."

On August 2, 1973, Judge Takiff denied petitioner's motion to quash. In lieu of complying with the court's order commanding her to appear to testify before the grand jury, petitioner then filed the petition for a writ of prohibition. A stay of proceedings was subsequently granted, pending our determination of the petition.

It has long been the law that the denial of a motion to quash a grand jury subpoena is interlocutory and, therefore, not appealable. *United States v. Ryan,* 402 U.S. 530 (1971), *Cobbledick v. United States,* 309 U.S. 323 (1940). Instead, the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are brought against him. Forcing the party subpoenaed to make such a choice is justified by the "necessity for expedition in the administration of the criminal law." *United States*

*v. Ryan, supra,* at 533. What the petitioner is not permitted to do by direct appeal, she is apparently attempting to do by a writ of prohibition.

The principles regulating the issuance of writs of prohibition were clearly set forth in *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A. 2d 426 (1948), where we said, at page 102: "The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise [citing cases]. As pointed out in the last cited authority [United States Alkali Export Association, Inc. v. United States, 325 U.S. 196] (p. 203), 'appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. . . . The [extraordinary] writs may not be used as a substitute for an authorized appeal.' "

In observance of the foregoing principles, since petitioner still has the remedy of appeal if she chooses to refuse to comply with the subpoena and is then cited for contempt, we shall deny her petition.

Petition denied.

———

DISSENTING OPINION BY MR. JUSTICE NIX:

I dissent.

The majority states that an appeal from a refusal to quash a grand jury subpoena is interlocutory and then goes on to hold that the extraordinary circum-

stances necessary to justify a writ of prohibition are not present in this case. In my view, such a holding ignores existing precedent and violates the Pennsylvania Constitution.

Petitioner alleges that she was subpoenaed to appear before an investigating grand jury investigating crimes far beyond the scope of its authority. The majority would require that she place herself in jeopardy of criminal contempt in order to realize her right to appellate review guaranteed by Art. V, Sec. 9.[1]

I recognize that the ordinary route for challenging a subpoena is through contempt. However, I am in fundamental disagreement with such an approach where there is substantial question concerning the authority to issue the subpoena. In such a case, a party with real doubt as to his legal status is forced to act upon that status at his peril. If he refuses to obey the subpoena and his challenge is not sustained, he will be subject to criminal sanction. If he obeys the subpoena, his challenge may well be moot because the harm he sought to avoid—be it unreasonable search and seizure, self-incrimination or a general invasion of privacy—has already occurred.

A civil litigant in such a dilemma would be allowed the assistance of a declaratory judgment in order to avoid future litigation. See generally, *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A. 2d 295 (1973). The primary thrust of our criminal law is to prevent crime. It is fundamentally inconsistent to force a citizen to commit a crime in order to preserve his right to appeal, while at the same time affording civil litigants access to the courts.

---

[1] "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record . . . to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law."

522

This petitioner has raised a substantial challenge to the grand jury's authority, and in my view, it is a miscarriage of justice and an emasculation of Art. V, Sec. 9 to force her to suffer contempt in order to pursue that challenge. Leaving aside the issue of whether an appeal would be interlocutory,[2] this is clearly a case of extreme necessity for a writ of prohibition to secure order and regularity in judicial proceedings under the standard of *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 102, 61 A. 2d 426, 430 (1948).

In essence the petitioner's claim that the grand jury was acting beyond its scope is an allegation of lack of jurisdiction. Traditionally we have held that a claim that a tribunal is acting without jurisdiction is cognizable by a writ of prohibition. *McNair's Petition,* 324 Pa. 48, 64, 187 A. 498, 505 (1936) ; *Carpentertown Coal & Coke Co. v. Laird, supra* at 98, 61 A. 2d 426 at 428.

Mr. Justice MANDERINO joins in this dissenting opinion.

---

[2] The rule against interlocutory appeals is a flexible one, *Commonwealth v. Ragone,* 317 Pa. 113, 176 A. 454 (1935), and we have said that: "where the interlocutory order, for all practical purposes, presents a somewhat final aspect, an appellate court will review it in order to safeguard basic human rights or to prevent a great injustice to a defendant." *Commonwealth v. Novak,* 384 Pa. 237, 240, 120 A. 2d 543, 544, *cert. denied,* 352 U.S. 825 (1956).