408 A.2d 1099

## In re INVESTIGATING GRAND JURY OF PHILADELPHIA COUNTY.

Supreme Court of Pennsylvania.

Dec. 26, 1979.

Francis X. Nolan, Philadelphia, for petitioners.

H. Graham McDonald, Joseph Casey, Steven H. Goldblatt, Asst. Dist. Attys., Philadelphia County, for respondents.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

This petition seeking a writ of prohibition was filed in this Court following the denial of a motion to quash a subpoena by the Court of Common Pleas of Philadelphia. The subpoena ordered petitioner, inter alia, to appear before an investigatory grand jury in Philadelphia. The grand jury was

convened pursuant to the Investigating Grand Jury Act, Act of November 22, 1978, P.L. 1148, No. 271, §§ 1 *et seq.*, 19 P.S. §§ 265 *et seq.*, following the approval by the Court of Common Pleas of an application made by the district attorney.

*In re: Petition of Specter*, 455 Pa. 518, 317 A.2d 286 (1974), is controlling. There we said:

"It has long been the law that the denial of a motion to quash a grand jury subpoena is interlocutory and, therefore, not appealable. *United States v. Ryan*, 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940). Instead, the party subpoenaed must either comply with the subpoena or refuse to comply and litigate the propriety of the subpoena in the event that contempt or similar proceedings are brought against him. Forcing the party subpoenaed to make such a choice is justified by the 'necessity for expedition in the administration of the criminal law.' *United States v. Ryan, supra*, 402 U.S. at 533, 91 S.Ct. [1580] at 1582. What the petitioner is not permitted to do by direct appeal, she is apparently attempting to do by a writ of prohibition.

The principles regulating the issuance of writs of prohibition were clearly set forth in *Carpentertown Coal & Coke Co. v. Laird*, 360 Pa. 94, 61 A.2d 426 (1948), where we said, at page 102, 61 A.2d 426: 'The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forbearance and as an extraordinary remedy in cases of extreme necessity, to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief. It is a writ which is not of absolute right but rests largely in the sound discretion of the court. It will never be granted where there is a complete and effective remedy by appeal, certiorari, writ of error, injunction, or otherwise [citing cases]. As pointed out in the last cited authority [*United States Alkali Export Association, Inc. v. United States*, 325 U.S. 196, 65 S.Ct. 1120, at

page 1125, 89 L.Ed. 1554] (p. 203), "appellate courts are reluctant to interfere with decisions of lower courts, even on jurisdictional questions, which they are competent to decide and which are reviewable in the regular course of appeal. . . . The [extraordinary] writs may not be used as a substitute for an authorized appeal." '

In observance of the foregoing principles, since petitioner still has the remedy of appeal if she chooses to refuse to comply with the subpoena and is then cited for contempt, we shall deny her petition."

Petition denied.

MANDERINO, J., did not participate in the decision of this case.