520 A.2d 1379

**GLEN MILLS SCHOOLS, Petitioner,**

v.

**COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, Respondent.**

Supreme Court of Pennsylvania.

Argued Dec. 2, 1986.

Decided Feb. 13, 1987.

appellant. They are largely peculiar to this particular trial and not likely to recur in the retrial.

Richard A. Sprague, Bruce L. Thall, J. Shane Creamer, Philadelphia, for petitioner.

Howland W. Abramson, Philadelphia, for respondent.

John W. Packel, Chief, Appeals Div., Benjamin Lerner, Defender, Karl Baker, Asst. Defender, Elaine DeMasse, Deputy Chief, Appeals Div., Philadelphia, for Intervenor—Christopher T.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

This matter is before us on a petition brought by Glen Mills Schools (Glen Mills) for a writ of prohibition directed

to the Court of Common Pleas of Philadelphia County. Glen Mills seeks to have this Court invalidate the Common Pleas Court Order committing Christopher T., a juvenile, to its facility. Glen Mills asks that the juvenile be remanded to the custody of the Family Division of the Philadelphia Court for commitment elsewhere. The respondent Common Pleas Court replied to the petition by filing preliminary objections. In its objections the respondent alleges, inter alia, that "petitioner has an adequate remedy at law by way of appeal or intervention and appeal"; that the Common Pleas Court has jurisdiction over the delinquency proceeding; and that "there is no extreme necessity for the relief requested to secure order and regularity in judicial proceedings" The juvenile, Christopher T. intervened in the proceedings and filed an answer to the petition. The intervenor's answer avers that the respondent Common Pleas Court acted properly and within its jurisdiction in denying the request of Glen Mills Schools that Christopher T. be remanded to the custody of the court for commitment to another facility. After a full review of this matter, we grant the writ of prohibition.

The facts of this case are as follows: Christopher T., a juvenile, age 17, was taken into custody on March 29, 1986 and charged with robbery, theft, receiving stolen property, simple assault and criminal conspiracy. On August 26, 1986, Christopher T. was adjudicated delinquent on all charges. Following the adjudication, the juvenile was referred to Glen Mills Schools pending a dispositional hearing. On September 4, 1986, Christopher T. was ordered committed to the Glen Mills Schools residential program. A review date was set for November 6, 1986.

Glen Mills Schools is a private non-profit corporation that provides a residential program for adjudicated male delinquents between the ages of 14 and 18. The Glen Mills program provides an open environment, without guards, cells or high walls. Those young men accepted into the program are by referral pursuant to a contract between Glen Mills Schools and the City of Philadelphia. Because of

the open environment and the confrontational therapy program, Glen Mills adheres to a strict admissions procedure to deny acceptance to young men who present a danger to the juvenile residents and staff. The criteria for admission are published and known to the Philadelphia Courts and apply to the initial decision to accept or decline a youngster as well as to all later decisions on whether to keep a juvenile in the program. One of the criteria that disqualifies a juvenile for admission or retention in the Glen Mills program is "fire-setting and/or arson." If a juvenile has ever been involved in setting fires or in arson, he is disqualified for admission in the program. If after admission he engages in arsonous activities or it becomes known that prior to admission he was involved in setting fires, he is disqualified for continued residence at Glen Mills.

The petitioner, Glen Mills, asserts that the fire-setting disqualification was adopted to protect the lives and safety of the more than 500 juvenile residents and the staff of the school. Additionally, if those who have exhibited a proclivity to set fires were admitted or tolerated in the school, Glen Mills would be required to alter its open environment and therapeutic agenda. The thrust of the program would be changed and the unique character of the school destroyed. This would have an adverse impact upon the juvenile rehabilitation work performed by Glen Mills.

In preparing for the 60–day review scheduled for November 6, 1986, Christopher T. was the subject of a comprehensive report and psychological evaluation. During an interview with the school psychologist, Christopher T. candidly admitted that in 1982 he and three accomplices had tried to set fire to a junior high school he was attending. He related that the attempt was made by making a gasoline fire-bomb and throwing it through a window of the school in the early evening hours. He stated that the attempt was unsuccessful in that the fire-bomb failed to ignite a fire as planned. He also related that on numerous occasions he had set fire to a trash can on the grounds of another school.

The revelation that Christopher T. had been involved in attempted arson and in setting numerous trash can fires prompted Glen Mills to accelerate the 60–day review from November 6, 1986 to October 30, 1986. At this expedited hearing Glen Mills requested that the juvenile be removed from its school and placed in another program because his fire-setting background made him ineligible for residency at Glen Mills. The court denied the request on October 30, 1986. Glen Mills then brought a petition for discharge of the juvenile from its program and an application for a stay of the original order placing Christopher T. in its facility. These requests were denied by the court on November 6, 1986.

The petitioner, Glen Mills Schools, brought this petition for a writ of prohibition alleging, inter alia, that the lower court's continuing commitment order, which forces Glen Mills to keep Christopher T. in the school, violates the contract between Glen Mills and the City of Philadelphia. Further, the court's order contravenes the published admission procedures and the juvenile retention policies of the petitioner school. Glen Mills avers that the lower court's order amounts to an abuse of jurisdiction.

In considering the nature of the writ of prohibition sought by Glen Mills in this case, we note our opinion in *Carpentertown Coal & Coke Co. v. Laird,* 360 Pa. 94, 61 A.2d 426 (1948), where we said:

> Prohibition is a common law writ of extremely ancient origin....
>
> Its principal purpose is to prevent an inferior judicial tribunal from assuming a jurisdiction with which it is not legally vested in cases where damage and injustice would otherwise be likely to follow from such action. It does not seek relief from any alleged wrong threatened by an adverse party; indeed it is not a proceeding between private litigants at all but solely between two courts, a superior an an inferior, being the means by which the former exercises superintendance over the latter and

keeps it within the limits of its rightful powers and jurisdiction.

\* \* \* \* \* \*

The writ of prohibition is one which, like all other prerogative writs, is to be used only with great caution and forebearance and as an extraordinary remedy in cases of extreme necessity to secure order and regularity in judicial proceedings if none of the ordinary remedies provided by law is applicable or adequate to afford relief.

■ Beyond the situation where the lower court wholly lacks jurisdiction in a matter, a writ of prohibition is proper where the inferior tribunal abuses its jurisdiction. In *Capital Cities Media, Inc. v. Toole,* 506 Pa. 12, 483 A.2d 1339 (1984), Chief Justice Nix, writing for the Court, observed:

In addition to total absence of jurisdiction, our cases have extended the application of the writ of prohibition to encompass situations in which an inferior court, which has jurisdiction, exceeds its authority in adjudicating the case. This latter situation has been termed an "abuse of jurisdiction." *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978), *appeal dismissed,* 443 U.S. 913, 99 S.Ct. 3104, 61 L.Ed.2d 877 (1979); *Commonwealth v. Mullen,* 460 Pa. 336, 333 A.2d 755 (1975); *Commonwealth v. Smart,* 368 Pa. 630, 84 A.2d 782 (1951); *Schlesinger Petition,* 367 Pa. 476, 81 A.2d 316 (1951); *McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936)....

\* \* \* \* \* \*

The criteria for granting a writ of prohibition are satisfied by meeting a two-pronged test derived from the language of *Carpentertown Coal, supra. In re Reyes,* 476 Pa. 59, 381 A.2d 865 (1977); *Commonwealth ex rel. Specter v. Shiomos,* 457 Pa. 104, 320 A.2d 134 (1974). First, it must be established that there is no adequate remedy at law to afford relief; second, there must be extreme necessity for the relief requested to secure order and regularity in judicial proceedings. *Spykerman v. Levy,* 491 Pa. 470, 421 A.2d 641 (1980); *In re Investigat-*

*ing Grand Jury of Philadelphia County,* 487 Pa. 68, 408 A.2d 1099 (1979); *In re Reyes, supra; Pirillo v. Takiff,* 462 Pa. 511, 341 A.2d 896 (1975) *cert. denied and appeal dismissed,* 423 U.S. 1083, 96 S.Ct. 873, 47 L.Ed.2d 94 (1976); *Commonwealth ex rel. Specter v. Shiomos, supra; Petition of Specter,* 455 Pa. 518, 317 A.2d 286 (1974); *Carpentertown Coal, supra.*

Glen Mills argues: (a) that the lower court lacks statutory authority to order Glen Mills, a private school, to accept and keep Christopher T. in its program in direct contradiction of Glen Mill's contract with the City of Philadelphia and the admissions and retention policies of Glen Mills; [1] and (b) that the orders issued by the lower court forcing Glen Mills to accept and retain custody of juvenile, Christopher T. in violation of the terms of the contract between Philadelphia and Glen Mills, and in violation of Glen Mills' admission procedures and retention policies is an abuse of jurisdiction and is not based upon any lawful authority.

■ Under the provision of the contract between Glen Mills and Philadelphia, Glen Mills "reserves the right to determine the suitability of a child and family for its services." [2] The petitioner, Glen Mills, has determined that a candidate for admission who has firesetting and/or arson in his background is unsuitable for admission. In this case when the juvenile, Christopher T., was taken into the program his firesetting activities were not revealed. When subsequently, the juvenile admitted that he had engaged in attempted arson of a junior high school and in the setting of

1. It is the position of Glen Mills that although Section 6352 of the Juvenile Act (42 Pa.C.S.A. § 6352) permits the court to commit a juvenile to an institution or "other facility for delinquent children operated under the direction or supervision of the court or other public authority and approved by the Department of Public Welfare," the court is not vested with authority to force Glen Mills, a private school, to accept custody of a juvenile where the juvenile fails to meet the published admissions criteria and retention policies of the school.

2. This reservation of right is set forth in clause IV, 15(c) of the contract dated June 27, 1986, between the City of Philadelphia and Glen Mills Schools.

numerous trash can fires on the property of another school, Glen Mills immediately moved to have him remanded to the custody of the court for other assignment. Had these firesetting facts been known to Glen Mills at the time of referral, Christopher T. would have been disqualified for admission. Once they became known, after his admission, the juvenile was disqualified for continued residence at Glen Mills Schools. This has been the long standing policy of Glen Mills and is well known to the Philadelphia courts. Under the circumstances, the Common Pleas Court had no authority to force Glen Mills to accept and retain custody of the juvenile, Christopher T., who, by his firesetting and arson activities, was disqualified for residence at Glen Mills Schools.

■ It is argued that the petition for a writ of prohibition should be denied because Glen Mills has an adequate remedy at law by way of appeal or intervention and appeal. We disagree. Appeal or intervention and appeal, under the facts of this case are inadequate.[3] Where a court's order requires a private corporation to accept and retain custody of an adjudicated delinquent contrary to the clear and undisputed terms of a contact that corporation has with government, the court has abused its jurisdiction and is subject to a writ of prohibition to remedy the abuse. This is exactly what the lower court has done in this case. Its order requiring Glen Mills to accept and retain the juvenile, Christopher T., as a resident in Glen Mills' program in contravention of Glen Mills' admission and retention policies and Glen Mills' contract with the City of Philadelphia is an abuse of jurisdiction. Accordingly, the petition of Glen Mills Schools is granted and a writ of prohibition is issued.

HUTCHINSON, J., joins in this opinion of the Court and files a concurring opinion.

NIX, C.J., joins in this opinion of the Court and joins in the concurring opinion of HUTCHINSON, J.

3. It is difficult to tell from the record in this case but it is more than possible that by the time an appeal could be heard, the juvenile would be ready for discharge.

HUTCHINSON, Justice, concurring.

I join the majority's view with respect to the importance of the issue, the difficulty of other remedies and the necessity for prompt action in this matter. However, I suggest our general power of plenary jurisdiction, 42 Pa.C.S. § 726, relaxes to some extent the strict common law constraints upon the writ of prohibition, which lay only where there was an absence of jurisdiction in the inferior court.

NIX, C.J., joins in this concurring opinion.