Commonwealth ex rel. Nichols, Appellant, *v.*
Hendrick.

Argued March 20, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*Malcolm W. Berkowitz,* for appellant.

*Arlen Specter,* Assistant District Attorney, with
him *Arthur J. Marion,* Assistant District Attorney,
*Paul M. Chalfin,* First Assistant District Attorney, and
*James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MONTGOMERY, J., April 12, 1962:

In this appeal from the dismissal of his petition for a writ of habeas corpus, relator-appellant contends that he was denied due process as guaranteed by article I, section 9 of the Pennsylvania Constitution, by the Due Process and Equal Protection Clause of the United States Constitution, and also by the Magistrates' Court Act of 1937, Act of June 15, 1937, P. L. 1743, No. 368, §§1-14, 42 P.S. 1101-1114 (PP). In support of his contention he assigns alleged irregularities relating to a preliminary hearing conducted in connection with a criminal proceeding wherein he was charged with larceny of an automobile and operating a motor vehicle without the consent of the owner. As a result of that hearing he was held for grand jury action, and committed in default of $1,000 bail, set by the magistrate.

Following a hearing on his petition for the writ, the lower court (WEINROTT, J.) concluded that relator was not illegally detained and that he was not denied due process of law; and dismissed the petition. This appeal followed.

This appeal must be dismissed as interlocutory and as not involving any jurisdictional or constitutional question. In *Commonwealth ex rel. Nichols v. Lederer*, 193 Pa. Superior Ct. 482, 165 A. 2d 711, affirmed 404 Pa. 218, 172 A. 2d 319, we held appeals such as this to be interlocutory. In *Commonwealth v. O'Brien*, 181 Pa. Superior Ct. 382, 124 A. 2d 666, this Court held that a similar relator was not deprived of any constitutional rights because he had not been afforded a preliminary hearing in a criminal matter. Jurisdiction is not questioned, therefore *Commonwealth ex rel. DiDio v. Baldi*, 176 Pa. Superior Ct. 119, 106 A. 2d 910, does not apply.

Appeal dismissed.