## Commonwealth ex rel. Austin, Appellant, *v.* Hendrick.

Argued May 7, 1970. Before Bell, C. J., Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Bernard L. Segal,* with him *John H. Lewis, Jr.,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1970:

Relator-appellant Austin was charged with murder. At the preliminary hearing, his counsel cross-examined the Commonwealth's only witness and elicited the information that the witness had given written statements to the Commonwealth. Defense counsel requested the production of these statements and the hearing Judge so ordered. However, the Assistant District Attorney refused to produce the statements, and thereafter the hearing Judge, without enforcing his aforesaid Order, held relator for action of the Grand Jury.

A petition for a writ of habeas corpus was filed in the Trial Division of the Court of Common Pleas of Philadelphia, seeking to compel the production of the written statements of the witness. The hearing Judge, in deliberating upon the merits of the petition, considered the apparent conflict between Rule 119(b) and Rule 310 of the Rules of Criminal Procedure, and wisely concluded that Rule 310 was applicable to the instant facts. Rule 119(b) (now Rule 120(b)) reads in pertinent part as follows: "The defendant shall be present at a preliminary hearing, except as provided in these rules, and may, if he desires . . . [c]ross-examine witnesses *and inspect physical evidence offered against him*\* . . . ." Rule 310, which governs pretrial discovery and inspection, closes with the following sentence: "In no event, however, shall the court order *pretrial discovery or inspection* of written statements of witnesses in the possession of the Commonwealth."

The Judge entered an Order denying the petition for a writ of habeas corpus. From this Order the relator

---

\* Italics throughout ours, unless otherwise noted.

took this appeal, whereupon the Commonwealth filed a petition to quash the appeal.

This Court in numerous cases has ruled on the right of appeal from the denial of a *pretrial* habeas corpus petition. In the recent case of *Commonwealth ex rel. Riggins v. Supt. of Phila. Prisons,* 438 Pa. 160, 263 A. 2d 754, the Court said (pages 164-165) : "In Commonwealth ex rel. Boatwright v. Hendrick, 436 Pa. 336, 260 A. 2d 763, we recently considered the right of appeal from the denial of a pretrial habeas corpus petition, and there laid down the following principles (pages 338-339) : 'In cases involving criminal proceedings, an Order by a Judge of the Court of Common Pleas, *denying, before indictment,*[*] a writ of habeas corpus where the ground of appeal is the lack of adequate evidence to establish a prima facie case of crime by the accused, is interlocutory and unappealable and must be quashed: Commonwealth ex rel. Gordy v. Lyons, 434 Pa. 165, 252 A. 2d 197; Commonwealth ex rel. Bittner v. Price, 428 Pa. 5, 235 A. 2d 357; Commonwealth ex rel. Fisher v. Stitzel, 418 Pa. 356, 211 A. 2d 457; in the absence of exceptional circumstances (as, for example, cases involving great public interest or the safeguarding of basic human rights, Commonwealth v. Kilgallen, 379 Pa. 315, 108 A. 2d 780; Commonwealth v. Byrd, 421 Pa. 513, 219 A. 2d 293, cert. denied, 385 U.S. 886) ; or, unless expressly made so by statute, Commonwealth v. Pollick, 420 Pa. 61, 215 A. 2d 904; Commonwealth v. Wright, 383 Pa. 532, 119 A. 2d 492; or a challenge to appellant's custody on grounds of lack of jurisdiction, Commonwealth ex rel. DiDio v. Baldi, 176 Pa. Superior Ct. 119, 106 A. 2d 910; Commonwealth ex rel. Nichols v. Hendrick, 197 Pa. Superior Ct. 646, 180 A. 2d 88.' "

---

[*] Italics in *Commonwealth ex rel. Riggins v. Supt. of Phila. Prisons.*

We believe (1) that the aforesaid cases in principle rule the instant case, and (2) that there are no "exceptional circumstances" here present which would justify this Court in hearing an appeal on the issue *at this time.*

The Order of the Court below is interlocutory, and the appeal is therefore quashed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.