417 A.2d 702

**COMMONWEALTH of Pennsylvania**

**v.**

**George W. SCHROECK, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Jan. 4, 1980.

Petition for Allowance of Appeal Denied Aug. 27, 1980.

George W. Schroeck, in pro. per.

Robert H. Chase, District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

George W. Schroeck was bound over for court on charges of aggravated assault and recklessly endangering another

person. He filed in the court below a petition to quash the magistrate's transcript, alleging insufficient evidence at the preliminary hearing. The lower court dismissed the petition, and Schroeck appealed to this Court. We do not reach the merits of the issue raised by appellant. The order appealed from was interlocutory, and the appeal, therefore, must be quashed.

■ Although the petition filed by appellant was styled a petition to quash the magistrate's transcript, it is apparent that the relief sought was a discharge and dismissal of criminal charges. Such relief is more properly pursued by a petition for habeas corpus. See *Commonwealth v. Hetherington*, 460 Pa. 17, 23, 331 A.2d 205, 209 (1975); *Commonwealth v. Gordon*, 254 Pa.Super. 267, 272, 385 A.2d 1013, 1015 (1978).

■ As a general rule, an order denying a pre-trial petition for habeas corpus is interlocutory. In the absence of exceptional circumstances, statutory authorization, or jurisdictional challenge, an order denying an application for discharge prior to trial, particularly where it is based upon the alleged insufficiency of evidence to establish a prima facie case before the magistrate, is unappealable. *Commonwealth ex rel. Austin v. Hendrick*, 440 Pa. 236, 269 A.2d 750 (1970). See also: *Commonwealth ex rel. Riggins v. Supt. of Philadelphia Prisons*, 438 Pa. 160, 263 A.2d 754 (1970) and *Commonwealth v. Lindsley*, 241 Pa.Super. 522, 366 A.2d 310 (1976).

■ The instant case presents neither exceptional circumstances nor jurisdictional issue neither is there statutory authorization for an appeal from the interlocutory order entered herein. The appeal, therefore, must be quashed.

Appeal quashed.