431 A.2d 876

**COMMONWEALTH of Pennsylvania,**

v.

**Thomas E. JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1981.

Decided March 13, 1981.

S. David Fineman, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Steven J. Cooperstein, Asst. Dist. Atty., for appellee.

Before ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, Thomas E. Jones, appeals from judgment of sentence entered in the Court of Common Pleas of Philadelphia following conviction by a jury of murder of the third degree.

Appellant raises eight assignments of error arguing: the court erred in refusing to give a requested jury charge concerning alleged accomplice testimony of a Commonwealth witness; the court erred in expressing an opinion to the jury that the evidence would not support a verdict of

voluntary manslaughter; the court erred in refusing to charge the jury on alibi; the court erred in refusing to grant a new trial due to an allegedly impermissible and prejudicial remark in closing argument by the District Attorney; the court erred in modifying its sequestration order during the trial; the court erred in refusing to suppress a statement made by the appellant between the time of his arrest and arraignment and allegedly in violation of *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977); the court erred in refusing to grant a new trial because of allegedly impermissible remarks made by the trial judge allegedly indicating that defense counsel's cross examination was frivolous and which remarks indicated an attempt to restrain counsel from continuing his cross examination of the Commonwealth's chief witness; and that the court erred in refusing to inquire of prospective jurors whether they had ever heard of other cases of child abuse resulting in death.

After a thorough review of the briefs and record in this case, we have concluded that appellant's assignments of error are without merit.

Judgment of sentence affirmed.

O'BRIEN, C. J., did not participate in the consideration or decision in this case.