439 A.2d 745

**COMMONWEALTH of Pennsylvania,**

v.

**Kirk Alan HUNTER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 1, 1981.

Filed Jan. 5, 1982.

Petition for Allowance of Appeal Denied June 11, 1982.

Raymond H. Bogaty, Grove City, for appellant.

Charles S. Hersh, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

WICKERSHAM, Judge:

This appeal involves a construction of the provisions of the Pennsylvania Rules of Criminal Procedure relating to accelerated rehabilitative disposition.

Rule 175 of the Pa.R.Crim.P. provides:

After a defendant is held for court by an issuing authority, the attorney for the Commonwealth, upon his own motion or upon request of the defendant's attorney, may submit the transcript returned by the issuing authority to a judge empowered to try cases on information or indictment and may move that the case be considered for accelerated rehabilitative disposition.

Rule 179(c) of the Pa.R.Crim.P. provides:

After hearing the facts of the case, if the judge believes that it warrants accelerated rehabilitative disposition, he shall order the stenographer to reopen the record and he shall state to the parties the conditions of the program.

Kirk Alan Hunter was charged with criminal offenses, including burglary, receiving stolen property and criminal conspiracy. An application by the district attorney, in which Hunter joined, was duly made for accelerated rehabilitative disposition and a hearing held by the Honorable Albert E. Acker of the Mercer County Court of Common Pleas. After hearing the facts of the case, Judge Acker denied accelerat-

ed rehabilitative disposition by order filed December 23, 1980. Kirk Alan Hunter took this direct appeal.[1]

The threshold question in this appeal is whether this court has jurisdiction to hear an appeal from an order denying a motion to have a defendant's criminal charges entertained under the accelerated rehabilitative disposition program. Pa.R.Crim.P. 175–85. Although neither party challenged the jurisdiction of this court, we can address the issue *sua sponte*, as neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Giannini v. Foy* 279 Pa. Superior Ct. 553, 421 A.2d 338 (1980). This court has jurisdiction over "all appeals from final orders of the courts of common pleas." 42 Pa.C.S. § 742. "It is a fundamental axiom of appellate court jurisdiction that an appeal will lie only from a definitive order, decree or judgment which finally terminates the action." *Commonwealth v. Defelice*, 248 Pa. Superior Ct. 516, 521, 375 A.2d 360, 362 (1977). The failure of an appellee to object to the jurisdiction of an appellate court shall not operate to perfect appellate jurisdiction of an appeal from an interlocutory order. 42 Pa.C.S. § 704(a), (b)(2).

We agree with Judge Acker's conclusion in his supplemental opinion filed on January 28, 1981, that an order denying acceptance into the accelerated rehabilitative disposition program is interlocutory and unappealable. Our conclusion is supported by the following rules of criminal procedure concerning accelerated rehabilitation:

When a defendant is accepted into the program of accelerated rehabilitative disposition after information or indictment, the judge shall order that further proceedings

---

1. Appellant presents the issues on appeal as follows:
   1. Whether the trial court erred in denying the Commonwealth of Pennsylvania's Petition to have the appellant placed on the Accelerated Rehabilitative Disposition Program.
   2. Whether under the facts and circumstances of this situation, the trial court improperly considered a previous juvenile conviction in reaching its determination that defendant was ineligible for the Accelerated Rehabilitative Disposition Program.
   Appellant's Brief at 3.

on the charges shall be postponed during the term of the program.

Pa.R.Crim.P. 181.

When the defendant is brought before the Court, the judge shall afford him an opportunity to be heard. If the judge finds that the defendant has committed a violation of a condition of the program, he may order, when appropriate, that the program be terminated, and that the attorney for the Commonwealth shall proceed on the charges as provided by law. No appeal shall be allowed from such order.

Pa.R.Crim.P. 184(c).

Under the above-quoted rules, where a defendant has been accepted into the ARD program, further proceedings on the charges against him are *postponed* during the term of the program. If the defendant later commits a violation of a condition of the program the court may order, when appropriate, that the program be terminated and that the attorney for the Commonwealth shall proceed on the charges as provided by law. *No appeal shall be allowed from such order.* In like fashion, we are here dealing with an unappealable order of the lower court when, in exercising his discretion pursuant to Pa.R.Crim.P. 179(c), if the judge does not believe that the case warrants accelerated rehabilitative disposition, the proper and mandated procedural step is for the attorney for the Commonwealth to proceed on the charges as provided by law.

In *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), the supreme court outlined the exceptional circumstances where an appeal before the judgment of sentence will be permitted in a criminal case.

Generally, a criminal defendant may appeal only from a judgment of sentence. E.g., *Commonwealth v. Sites*, 430 Pa. 115, 242 A.2d 220 (1968). This rule prevents undue delay and avoids the disruption of criminal cases by piecemeal appellate review. See generally *Cobbledick v. United States*, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1940); *In re Grand Jury Proceedings*, 525 F.2d 151 (3d Cir. 1975).

However, this Court has recognized that the final judgment rule is neither absolute nor inflexible. An appeal before judgment of sentence will be permitted when the need for immediate review outweighs the purposes of the final judgment rule.

. . . .

Exceptional circumstances exist

'. . . (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great public importance is involved.'

*Id.,* 472 Pa. at 610–611, 373 A.2d at 93–94 (citations omitted).

This court summarized the factors which render an order denying an application for discharge prior to trial appealable in *Commonwealth v. Schroeck,* 273 Pa. Superior Ct. 386, 417 A.2d 702 (1980).

As a general rule, an order denying a pre-trial petition for habeas corpus is interlocutory. In the absence of exceptional circumstances, statutory authorization, or jurisdictional challenge, an order denying an application for discharge prior to trial, particularly where it is based upon the alleged insufficiency of evidence to establish a prima facie case before the magistrate, is unappealable.

*Id.,* 273 Pa.Super. at 388, 417 A.2d at 703 (citations omitted).

We find none of the criteria explicated in *Bolden* here present, *see Commonwealth v. Novak,* 384 Pa. 237, 120 A.2d 543 (1956), *cert. denied,* 352 U.S. 825, 77 S.Ct. 35, 1 L.Ed.2d 48 (1956), and appellant does not raise a jurisdictional issue, nor is there statutory authorization for this appeal. We note further that appellant did not invoke proper appellate procedure for seeking our review of the interlocutory order.[2]

2. A very recent supreme court case which lends support to our conclusion that the order in the instant case is interlocutory and that appellant did not follow proper appellate procedure is *Pyle v. Court of Common Pleas of Cumberland County,* 494 Pa. 322, 431 A.2d 876 (1981). In the *Pyle* case, the three petitioners were first time offenders charged with non-violent crimes. The court refused their motions *to have their cases accepted for accelerated rehabilitative disposition and, further, refused to certify the questions for interlocu-*

*See* Pa.R.A.P. 1311 and *Note.* This appeal must therefore be quashed.

Appeal quashed.

*tory appeal.* The Supreme Court of Pennsylvania heard the cases upon transfer from The Superior Court of Pennsylvania which had granted a temporary stay of the orders scheduling the cases for trial and had ordered that briefs be filed. The supreme court held that petitioners' claims were without merit and remanded the cases for trial.