479 A.2d 621

**COMMONWEALTH of Pennsylvania**

v.

**Donald E. REAGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 19, 1984.

Filed Aug. 3, 1984.

Charles B. Coleman, Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before SPAETH, President Judge, and ROWLEY and BECK, JJ.

BECK, Judge:

■ The question is whether an appeal from an interlocutory order adjudicating appellant competent to stand trial for homicide under the provisions of the Mental Health Procedures Act, 50 P.S. § 7101 et seq. (hereinafter "Act") [1] is appealable prior to trial. We hold that such an interlocutory order is not appealable.

Although neither party has raised the issue of the appealability of this order, we address the issue sua sponte. *Commonwealth v. Hunter*, 294 Pa.Super. 52, 54, 439 A.2d 745, 746 (1982).

Section 7403 of the Act provides that when a defendant previously found incompetent to stand trial has regained competence, "the [criminal] proceedings shall be resumed."

■ Generally, a criminal defendant may appeal only from a judgment of sentence. However, an appeal before final judgment may be permitted in "exceptional circumstances", such as

"... (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great importance is involved." Id., 294 Pa.Superior Ct. at 56,

---

1. The appellant was charged with homicide, robbery and theft in 1976, and adjudicated incompetent to stand trial shortly thereafter. After treatment at Farview and Norristown State Hospitals, he was adjudicated competent following hearings in 1982. The instant order was issued pursuant to that determination.

439 A.2d at 747, *quoting Commonwealth v. Bolden*, 472 Pa. 602, 610–611, 373 A.2d 90, 93–4 (1977). For example, in *Bolden* the Pennsylvania Supreme Court permitted pre-trial appeal of the refusal to dismiss an indictment based on double jeopardy grounds. The Court concluded that because the double jeopardy clause was designed to protect an individual from having to *stand trial*, not merely to bar a second conviction, appellate review after judgment would not adequately protect an accused's rights.

In contrast, determinations of mental competence to proceed to trial have *not* been found to present "exceptional circumstances" requiring immediate appeal. Thus, in *Commonwealth v. Novak*, 384 Pa. 237, 120 A.2d 543 (1956), a defendant awaiting trial petitioned for committment to a hospital on the ground of mental illness under the Mental Health Act of 1951, the predecesor act of the one under consideration in this appeal. Novak's appeal from the trial court's denial of his petition and its order that he was competent to stand trial was quashed.

In so deciding, the *Novak* court acknowledged that an otherwise interlocutory appeal may be heard in "exceptional circumstances." No such circumstances were present, the Court decided, and appellant Novak was free to challenge the determination of competence following trial. *See also Commonwealth v. Bruno*, 424 Pa. 96, 225 A.2d 241 (1967) (no appeal from trial court's order for appointment of a sanity commission to determine defendant's competence, since "exceptional circumstances" did not exist).

In keeping with this traditional view of the absence of exceptional circumstances, our appellate courts have routinely reviewed on direct appeal the lower court's pre-trial determination of competency under the present Act. *See, e.g., Commonwealth v. Smith*, 322 Pa.Super. 504, 469 A.2d 1104 (1983); *Commonwealth v. Pifer*, 384 Pa.Super. 170, 425 A.2d 757 (1981); *Commonwealth v. Sourbeer*, 492 Pa. 17, 422 A.2d 116 (1980); *Commonwealth v. Knight*, 276

420

Pa.Super. 348, 419 A.2d 492 (1980); *Commonwealth v. Harper*, 479 Pa. 42, 387 A.2d 824 (1978).

■ Since the order of the lower court is interlocutory, we quash this appeal without prejudice to the rights of the appellant to raise the issue of his competency to stand trial in a timely filed direct appeal.[2]

2. Twenty months have passed since the court determined that appellant was competent to stand trial. Our decision here is, of course, no bar to a further inquiry into appellant's competency to stand trial at this time. *See Commonwealth v. Harper*, 479 Pa. 42, 387 A.2d 824 (1978).