J-S06040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TERANCE P. HEALY | |
| Appellant | No. 376 EDA 2016 |

Appeal from the Order January 27, 2016
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003151-2015

BEFORE: MOULTON, RANSOM, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:          **FILED FEBRUARY 23, 2017**

Appellant, Terance P. Healy, appeals from the order entered in the Montgomery County Court of Common Pleas finding him to be incompetent and appointing a public defender to represent him.[1]  Because we conclude that the order is not final and appealable, we quash.

The facts are unnecessary for our disposition.  As a prefatory matter, we consider whether the order appealed from is interlocutory.  "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." *Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000)

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that the case was continued at the time the instant order was entered.

(citation omitted). *See also Commonwealth v. Demora*, 149 A.3d 330, 331 (Pa. Super. 2016).

Pursuant to Rule 341 of the Pennsylvania Rules of Appellate Procedure, our jurisdiction is limited to appeals from "final order[s] of [the trial] court." Pa.R.A.P. 341(a).

> Generally, a criminal defendant may appeal only from a judgment of sentence. However, an appeal before final judgment may be permitted in exceptional circumstances, such as
>
> . . . (1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of great importance is involved.
>
> \*   \*   \*
>
> [D]eterminations of mental competence to proceed to trial have **not** been found to present exceptional circumstances requiring immediate appeal.

*Commonwealth v. Reagan*, 479 A.2d 621, 622 (Pa. Super. 1984) (citations and quotation marks omitted). *See also Commonwealth v. Pruitt*, 951 A.2d 307, 316-17 (Pa. 2008) (reviewing trial court's competency ruling on direct appeal).

Similarly, Appellant's claim that the trial court erred in appointing a public defender to represent him is an interlocutory order. *See* Pa.R.A.P. 341(a); *Commonwealth v. Starr*, 664 A.2d 1326, 1334 (Pa. 1995) (reviewing trial court's denial of appellant's right to represent himself on appeal from the judgment of sentence). *See also Commonwealth v.*

*Johnson*, 705 A.2d 830, 834 (Pa. 1998), (holding an order disqualifying a defendant's choice of defense counsel is interlocutory).

Accordingly, since the order of the lower court is interlocutory, we quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2017