J-A12026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| KESHAWN CURTIS MCLAURIN | |
| Appellant | No. 1686 WDA 2016 |

Appeal from the Order October 6, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001498-2016

BEFORE:  OLSON, J., SOLANO, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:　　　　　　　　　**FILED AUGUST 24, 2017**

Appellant, Keshawn Curtis McLaurin, appeals the order entered October 6, 2016, denying his request for a writ of habeas corpus.  After careful review, we quash the instant appeal for lack of jurisdiction.

In March 2016, Appellant was charged with criminal homicide, murder, criminal conspiracy to commit murder, two counts of aggravated assault and recklessly endangering another person, possessing an instrument of crime, firearms not to be carried without a license, and persons not to possess firearms.[1]  In May 2016, the matter proceeded to preliminary hearing, where the sole evidence presented by the Commonwealth was the testimony of Detective Sergeant Rick Lorah.

_____

[1] 18 Pa.C.S. §§ 2501, 2502, 903, 2702, 2705, 907, 6106, and 6105, respectively.

The following evidence was introduced at the preliminary hearing.[2] *See* Trial Court Opinion (TCO), 1/3/17, at 3-4. Shakur Franklin and Elijah Jackson were killed in the drive-by shooting of a block party; the cause of death was a .38 caliber gunshot wound.[3] Four other victims were wounded by bullets from a .22 caliber handgun, a .38 caliber handgun, an undetermined caliber weapon, and a "snake load."[4] The perpetrators drove a Ford Explorer SUV, which crashed into a pole approximately one block away from the party. Appellant was the registered owner of the SUV. When questioned by police, Appellant admitted that he owned the SUV and was driving that night. A .38 caliber gun was found close to the crashed SUV. Appellant consented to a search of the vehicle, and another .38 caliber gun was found inside the vehicle. Gunshot residue was found inside the vehicle.

In addition to the physical evidence, Det. Sgt. Lorah testified to two statements given to police by witnesses. Reojanique Porter stated that Appellant, co-defendant Demond Mitchell, and an unidentified third person exited the SUV after it crashed. Eugene Husband identified co-defendant Jahaun Jones and co-defendant Stephen Russell as passengers in an SUV, driven by Appellant, that passed him earlier that night. Mr. Husband stated

---

[2] The transcript of the preliminary hearing was not included in the certified record, though it does appear in Appellant's reproduced record.
[3] *See* Notes of Testimony, 5/2/16, at 10-11.
[4] Det. Sgt. Lorah described a snake load as "a small shotgun shell that is typically used in a revolver." *See* N.T. at 48-49.

that he heard either Mr. Jones or Mr. Russell ask where the block party was and state that they were going to do a drive by of the party. The statements of Ms. Porter and Mr. Husband were videotaped, and Appellant reviewed those tapes prior to trial.

Appellant's counsel objected to this testimony, arguing that it was hearsay and admitted in a violation of his due process rights. The magisterial district court overruled the objections and the charges were bound over to the Court of Common Pleas of Erie County, Pennsylvania. Appellant filed a petition for writ of habeas corpus, arguing that the hearsay testimony of the affiant alone was insufficient to sustain a *prima facie* case against him. In October 2016, the trial court denied the petition, finding that there was a sufficient amount of legally admissible evidence to establish a *prima facie* case without reaching the applicability of **Buchanan v. Verbonitz**, 581 A.2d 172 (Pa. 1990) (plurality) and **Commonwealth v. Ricker**, 120 A.3d 349, 357 (Pa. Super. 2015).[5]

Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following questions for our review:

_____

[5] The Supreme Court of Pennsylvania granted Ricker's petition for allowance of appeal on April 18, 2016. **See Commonwealth v. Ricker**, 135 A.3d 175 (Pa. 2016). A decision has not yet been rendered.

- 3 -

A. Whether or not exception circumstances exist to warrant appellate review of the denial of the Appellant's writ of *habeas corpus* which contested the Commonwealth's use of hearsay testimony as the sole basis to support a *prima facie* case at the preliminary hearing?

B. Whether or not hearsay testimony from the affiant is legally sufficient evidence to establish a *prima facie* case at the preliminary hearing when it is the only evidence presented by the Commonwealth at the preliminary hearing?

C. Whether or not absent the hearsay testimony of the affiant there was legally admissible evidence presented by the Commonwealth to establish *prima facie* evidence as to each of the charges against the defendant?

Appellant's Brief at 5 (unnecessary capitalization and responsive answers omitted).

Appellant first claims that exceptional circumstances exist to warrant appellate review of the denial of the writ of *habeas corpus*. **See** Appellant's Brief at 12-15. Appellant contends that because this issue will evade appellate review and an important constitutional question is raised, we may review the merits of his issues. **Id.**

Except as otherwise prescribed by the rules, an appeal may be taken as of right from any final order of a trial court. **See** Pa.R.A.P. 341(a). Generally, a criminal defendant may appeal only from a judgment of sentence. **Commonwealth v. Reagan**, 479 A.2d 621, 622 (Pa. Super. 1984). More specifically, in most circumstances "the denial of a pre-trial writ of *habeas corpus* based on a lack of sufficient *prima facie* evidence does not constitute an appealable order." **See Ricker**, 120 A.3d at 353 (internal

citations omitted).  Where exceptional circumstances exist, an appeal from such an interlocutory order may be considered.  *Id.*

In *Ricker*, this Court considered a matter with a nearly identical procedural posture and issue, examining the 2013 amendment to Pa.R.Crim.P. 542, which permitted the Commonwealth to establish, via hearsay, any element of an offense for purposes of determining whether a *prima facie* case was established.  *See Ricker*, *supra*.  At the preliminary hearing, the arresting officers did not testify.  *Ricker*, 120 A.3d at 352. Instead, the lead investigator on the case played a tape of an interview with officers involved in the inciting incident.  *Id.*  Upon review, this Court held that 1) exceptional circumstances supported the appeal, such that it could be reviewed;[6] 2) hearsay evidence alone was sufficient to hold the case over for trial; 3) there was no constitutional right to confrontation of witnesses prior to trial; and 4) declining to address the due process implications of this decision, as Ricker had not briefed this argument.  *See Ricker*, *supra*.

In April 2016, the Pennsylvania Supreme Court granted allocatur to answer the question:

---

[6] Specifically, there was an important question to be determined, i.e., "whether a powerful state governmental entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence." *Ricker*, 120 A.3d at 354.  The fact that this question would evade review due to the inability to challenge issues raised in preliminary hearings constituted extraordinary circumstances.  *Id.*

> Whether the Pennsylvania Superior Court wrongly held, in a published opinion of first impression, that a defendant does not have a state or federal constitutional right to confront the witness against him at a preliminary hearing and that a *prima facie* case may be proven by the Commonwealth through hearsay evidence alone, which is what the trial and magisterial district courts concluded in Petitioner's case?

***Commonwealth v. Ricker***, 135 A.3d 175 (Pa. 2016).

This Court has also recently addressed the due process implications of holding cases for trial based solely on hearsay evidence. ***See Commonwealth v. McClelland***, --- A.3d ---, 2017 Pa. Super. 163 (filed May 26, 2017). The appellant in ***McClelland*** was held for trial following a preliminary hearing during which the only evidence introduced was the testimony of an investigating officer regarding an interview he witnessed with the child victim. ***Id.*** at *1. On appeal, the appellant argued that holding the charges based on hearsay violated his rights to confrontation and due process. ***Id.***

We affirmed, holding that 1) a preliminary hearing triggers due process protections and should be analyzed under procedural due process; 2) an accused has a limited liberty interest in the preliminary hearing; 3) while liberty interests may be at issue when an accused is convicted, the preliminary hearing is not a final adjudication of those issues; 4) Appellant's

due process rights were not violated by a preliminary hearing at which only hearsay evidence was presented. *See McClelland*, *1-10.[7]

Appellant contends that because similar extraordinary circumstances are present here, and because his case is factually similar to *Ricker*, he is likewise entitled to an interlocutory appeal. However, *Ricker* held that the Pennsylvania Rules of Criminal Procedure allow hearsay evidence alone to establish a *prima facie* case and that an accused does not have a state or federal constitutional right to confront the witnesses against him at his preliminary hearing. *Ricker*, *supra*. Until adjudication by the Pennsylvania Supreme Court, our decision in *Ricker* is dispositive.

Appellant raises substantially the same issues already examined in *Ricker* and again in *McClelland*. As these decisions remain binding precedent, we would be constrained to conclude that Appellant's issue is meritless. Nevertheless, *because **Ricker** is dispositive*, the issues Appellant seeks to raise no longer constitute extraordinary circumstances. *See Ricker*, 120 A.3d at 354. We have in fact determined whether a defendant may be bound over to the Court of Common Pleas based upon a preliminary hearing with hearsay as the sole evidence. *See Ricker*, *supra*; *McClelland*, *supra*. Thus, we cannot conclude that extraordinary

_____

[7] A petition for allowance of appeal was filed June 23, 2017. A decision has not yet been rendered. *See Commonwealth v. McClelland*, 252 WAL 2017 (filed June 23252 WAL 2017, 2017).

circumstances exist in Appellant's case. His issue has indeed been reviewed by a prior panel of this Court and has been rejected. It is currently on appeal to the Pennsylvania Supreme Court.

Accordingly, we do not have appellate jurisdiction to consider an interlocutory appeal not of right and where permission has not been granted. *See* Pa.R.A.P. 301; 311; 312. Therefore we will not reach the merits of Appellant's remaining issues.

Appeal quashed.

Judge Olson joins the memorandum.

Judge Solano files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2017