J-A07030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALFONCE GOAD | : | |
| | : | |
| Appellant | : | No. 633 MDA 2020 |

Appeal from the Order Entered March 17, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0006149-2017

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 29, 2021**

Appellant, David Alfonce Goad, appeals from the March 17, 2020 Order that revoked his probation but did not impose any new sentence. Because the court did not impose a new sentence, this appeal is interlocutory and we, thus, quash it.

On April 3, 2018, Appellant pleaded guilty to retail theft.[1] The court sentenced him to two years' probation and payment of $2,266.25 in fines and costs. The court placed Appellant on a $25-per-month installment payment plan. Appellant failed to make payments on multiple occasions, including from April to September 2019. Appellant's probationary term ended on April 3, 2020.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a)(4).

On January 9, 2020, the Commonwealth initiated probation revocation proceedings due to Appellant's missed payments. On March 17, 2020, the court held a brief violation of probation ("VOP") hearing at which the parties stipulated that Appellant had violated his probation. The hearing occurred two weeks before the end of Appellant's probationary term. As discussed *infra*, at the conclusion of the hearing, the court revoked Appellant's probation, but did not impose any new judgment of sentence.

Appellant *pro se* filed a Notice of Appeal. On August 24, 2020, this Court issued an order remanding Appellant's case to the VOP court to determine his eligibility for court-appointed counsel. The court appointed counsel on September 24, 2020. On December 15, 2020, counsel filed an ***Anders***[2] Brief and accompanying Application to Withdraw.

By unpublished memorandum dated April 21, 2021, we affirmed the VOP court's Order and granted counsel's Application to Withdraw. We characterized the VOP court's disposition as "continuing" Appellant's probation and concluded that since the VOP court did not incarcerate Appellant for his failure to pay his fines and costs, it did not err by failing to find at the VOP hearing that Appellant willfully failed to pay. We concluded that Appellant's protestations to the contrary were without merit.

On May 3, 2021, Appellant requested panel reconsideration, which this Court granted on June 21, 2021, because we had mistakenly found that the

---

[2] ***Anders v. California***, 386 U.S. 738 (1967).

trial court had "continued" probation after revoking it. Upon further review and considering that the trial court only revoked probation and imposed no new sentence on Appellant, we now have determined that there is no sentence from which to appeal and this Court lacks jurisdiction to consider this appeal.

Prior to reaching the merits of any appeal, we must "first ascertain whether the [order appealed from] is properly appealable." *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). The appealability of an order directly implicates our jurisdiction. *Commonwealth v. Brister*, 16 A.3d 530, 535 (Pa. Super. 2011). It is well-settled that we may consider jurisdiction *sua sponte*. *Commonwealth v. Ivy*, 146 A.3d 241, 255 (Pa. Super. 2016).

With very limited exception not applicable here, in a criminal case, a defendant can appeal only from a final judgment of sentence. *Id. See also* Pa.R.A.P. 301(a)(2) ("a judgment of sentence is appealable upon the imposition of sentence in open court."). We will quash an appeal from a non-final order or judgment. *Ivy*, 146 A.3d at 255.

The instant appeal is from an order revoking probation. Of particular importance, "when, as here, sentencing is delayed, absent exceptional circumstances the defendant's right to appeal the revocation order accrues only after he is sentenced." *Commonwealth v. Heilman*, 876 A.2d 1021, 1026 (Pa. Super. 2005). Exceptional circumstances exist "(1) where an appeal is necessary to prevent a great injustice to the defendant, or (2) where an issue of basic human rights is involved, or (3) where an issue of

great importance is involved." **Commonwealth v. Reagan**, 479 A.2d 621, 622 (Pa. Super. 1984) (citations omitted).

Appellant appeals from the VOP court's March 17, 2020 Order revoking his probation. In the body of the Order, the court directed that, after six months, Appellant would "move to monetary compliance." Trial Ct. Or., 3/17/20. In its Rule 1925(a) Opinion, the court explained that transfer to the monetary compliance unit ("MCU") means that "probation monitors payment but conducts no active supervision." Trial Ct. Op., 5/22/20, at 2 n.3. The court did not impose any new sentence.

A prospective transfer to the MCU is not a recognized sentence under the sentencing code. **See** 42 Pa.C.S. § 9701 *et seq.*; 42 Pa.C.S. § 9771(b) (setting forth court's sentencing options following probation revocation). In addition, such transfer terminates probationary supervision. It is, therefore, not a final judgment of sentence and is not appealable of right. Additionally, Appellant has not made any showing that "exceptional circumstances" exist to warrant an appeal.[3]  As a result, we quash this appeal.[4]

Appeal quashed.

President Judge Emeritus Stevens joins the memorandum.

Judge Bowes files a Dissenting Memorandum.

---

[3] We note that the subject Order is not an appealable interlocutory or collateral order under Pa.R.A.P. 311 and Pa.R.A.P. 313, nor did Appellant seek permission to appeal the Order pursuant to 42 Pa.C.S. § 702(b).

[4] As a result of our disposition, we deny as moot counsel's request to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/29/2021</u>