J-S05038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LARRY LEE REDMOND | : | |
| | : | |
| Appellant | : | No. 644 WDA 2023 |

Appeal from the PCRA Order Entered May 9, 2023
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0003618-2016

BEFORE:  PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:            **FILED:  March 7, 2024**

Appellant, Larry Lee Redmond, was convicted of five crimes arising out of two incidents of sexual abuse inflicted upon a-thirteen-year-old girl.[1] Appellant appeals from the order denying his petition seeking collateral relief under the Post Conviction Relief Act (PCRA), which presented challenges to his trial counsel's stewardship and a sentencing claim concerning his sexual offender registration obligations.  We affirm.

Our decision on direct appeal affirming Appellant's judgment of sentence summarized the facts, as follows:

> On two occasions in the early months of 2015, Appellant sexually abused the victim.  During the first incident, which occurred just after the victim's thirteenth birthday, Appellant performed oral sex

---

[1] Count one – involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(7); counts two and three – aggravated indecent assault, 18 Pa.C.S. § 3125(a)(8); count four – endangering welfare of children, 18 Pa.C.S. § 4304(a)(1); and count five – corruption of minors, 18 Pa.C.S. § 6301(a)(1)(ii).

on the victim. In addition, Appellant touched and digitally penetrated her vagina. On the second occasion, Appellant again touched and digitally penetrated the victim's vagina. Subsequently, an expert who examined the victim found evidence of vaginal penetration.

***Commonwealth v. Redmond***, No. 1476 WDA 2019, unpublished memorandum at 2 (Pa. Super. filed Aug. 20, 2020).

At Appellant's preliminary hearing, the Commonwealth called as its sole witness the lead detective, who related as hearsay the details supplied by the victim. Petition for Writ of *Habeas Corpus*, 3/22/18, at 2, ¶ 5. The charges were held for court and the Commonwealth filed a criminal information consistent with his testimony. Criminal Information, 9/8/16, at unnumbered 1 (stating "[t]he District Attorney … charges that from diverse dates occurring between September 2015 through February 2016…") (emphasis omitted).

On March 9, 2018, the Commonwealth filed a motion to amend the criminal information in advance of the trial, which was set for March 12. The filing averred that during a preparatory session with the victim, she reviewed some photographs, which "assisted the Commonwealth in determining that she was allegedly victimized on diverse dates on or about between [*sic*] February 2015 through Spring 2015." Motion, 3/9/18, at 2. The Commonwealth noted that the "alleged conduct remains the same, the location of abuses remains the same, and the victim was still thirteen years old." ***Id.*** The Commonwealth thus sought permission to amend the information. On March 12, 2018, the trial court granted the motion as well as a postponement at Appellant's request.

Appellant thereafter sought a remand to the magisterial district court for a new preliminary hearing. Appellant's filing explained that he had requested the postponement "to explore potential defenses due to the changed period of dates of alleged criminal activity." Petition, 3/15/18, at 2 (unnumbered). Appellant argued that he was not "afforded a preliminary hearing regarding the newly amended dates of alleged criminal activity" and that he was entitled to one because it "is a vital step in the judicial process…." *Id.* The trial court immediately denied that petition.

On March 22, 2018, Appellant filed a Petition for *Habeas Corpus*, arguing that the amendment of dates required a new preliminary hearing. The trial court denied the motion on April 4, 2018. Appellant filed a motion to reconsider on April 19, 2018, arguing that the "alteration of the dates alleged indicates that these may be entirely different crimes being charged." Motion for Reconsideration, 4/19/18, at 2 ¶ 6 (unnumbered). The court denied the petition that same day.

Appellant filed a notice of appeal on May 21, 2018, seeking permission to appeal the interlocutory order. That notice of appeal was timely only with respect to the order denying reconsideration.[2] We quashed the appeal as untimely because the trial court did not expressly grant reconsideration within thirty days of the April 4, 2018 order. *See Commonwealth v. Redmond*, No. 765 WDA 2018, unpublished judgment order at 1 (Pa. Super. filed April

_____

[2] The thirtieth day was May 19, 2018, which was a Saturday.

- 3 -

15, 2019) ("Rule [of Appellate Procedure] 1701 is very clear: the thirty-day appeal period is tolled **only** by a timely order 'expressly granting' reconsideration.") (emphasis in original). Appellant's failure to timely appeal the order deprived the Court of jurisdiction. *Id.* at 2.

Appellant ultimately proceeded to a jury trial and was convicted of all charges. He was sentenced to 8 to 20 years' imprisonment. On direct appeal, Appellant raised three claims: a challenge to the sufficiency of the evidence; a challenge to the weight of the evidence; and a claim that the court erred "in denying all of Appellant's pre-trial Motions and his post-trial Motion for a new trial based on newly[-]discovered evidence…." *Redmond*, 1476 WDA 2019, unpublished memorandum at 3 (quoting brief). As relevant to the present appeal, we determined that Appellant failed to preserve any challenge to the weight of the evidence. *Id.* at 6 ("[W]e deem his challenge to the weight of the evidence waived."). After review, this Court affirmed his judgment of sentence, and Appellant did not seek further review with our Supreme Court.

Appellant thereafter filed a timely, *pro se* petition for PCRA relief. Appointed counsel filed an amended petition raising various claims of ineffective assistance of counsel. The PCRA court held an evidentiary hearing, where Attorney Michael Garofalo, who represented Appellant at trial and on direct appeal, and Appellant both testified. The PCRA court denied the petition and Appellant timely filed a notice of appeal and complied with the court's

order to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed an opinion[3] and Appellant submits the following claims for our review:

> 1. Whether the trial court incorrectly denied Appellant's entitlement to [p]ost[-][c]onviction [r]elief based upon the claim that Appellant was denied effective assistance of counsel when trial counsel failed to preserve the weight of the evidence argument on direct appeal[.]
>
> 2. Whether the trial court incorrectly denied Appellant's entitlement to [p]ost[-][c]onviction [r]elief based upon the claim that Appellant was denied effective assistance of counsel when trial counsel failed to timely file interlocutory appeals[.]
>
> 3. Whether the trial court incorrectly denied Appellant's entitlement to [p]ost[-][c]onviction [r]elief based upon the claim that Appellant was denied effective assistance of counsel when trial counsel failed to timely request discretionary review from the Supreme Court of Pennsylvania[.]
>
> 4. Whether the Appellant received an illegal sentence insofar as it concerns registration….

Appellant's Brief at 4-5.

Our standard of review is well-established. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Wharton***, 263 A.3d 561, 567 (Pa. 2021) (citations

---

[3] Following the hearing, the PCRA court issued a comprehensive notice of intent to dismiss the petition on March 14, 2023, pursuant to Pa.R.Crim.P. 907. However, because the PCRA court held a hearing, the Rule 907 notice was unnecessary. **See** Pa.R.Crim.P. 908(D)(1) ("Upon the conclusion of the hearing … [i]f the judge dismisses the petition, the judge promptly shall issue an order denying relief."). This document served as the PCRA court's Rule 1925(a) opinion and we refer to it as such.

omitted). Three of Appellant's four claims involve allegations of ineffectiveness. "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [the] appellant." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011) (citation omitted). To establish counsel's ineffectiveness, the petitioner must separately plead and prove that

> (1) the underlying claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of that counsel's deficient performance.

***Commonwealth v. Collins***, 888 A.2d 564, 573 (Pa. 2005). This three-prong approach was developed by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987). We follow federal law regarding prejudice. ***See Strickland v. Washington***, 466 U.S. 668 (1984) (defining prejudice as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome"); ***Commonwealth v. Reaves***, 923 A.2d 1119, 1131 (Pa. 2007) (describing Pennsylvania as applying "***Strickland***/***Pierce*** prejudice").

Appellant's first ineffectiveness claim pertains to our finding on direct appeal that Appellant waived his weight claim. Initially, we observe that Appellant, while framing the issue in terms of the failure to preserve the issue for appellate review, focuses his prejudice argument on the underlying weight-of-the-evidence claim. Appellant's Brief at 16 ("[C]ounsel provided ineffective

assistance of counsel due to his failure to argue post-trial motions that the verdict was against the weight of the evidence."). In terms of appellate review, our task on direct appeal—had counsel preserved the claim and the trial court denied it—would have been to determine whether the trial court abused its discretion in denying the claim for a new trial on weight grounds. "An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013). The panel would have decided only whether the trial court abused its discretion in denying the weight claim. *See Commonwealth v. Brown*, 648 A.2d 1177, 1189 (Pa. 1994) ("Appellate review, therefore, is a review of the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence."). As Appellant does not separately argue that this Court would have found an abuse of discretion on direct appeal, we simply examine whether counsel was ineffective for failing to pursue a weight claim at the trial court level.

The PCRA court concluded that Appellant failed to establish each of the three prongs.[4] As to arguable merit, a conclusion that the claim lacks arguable

_____

[4] The PCRA court concluded that counsel had a reasonable strategic basis for not raising a weight claim, as counsel testified that he believed the sufficiency claim was stronger. However, this course makes no sense, as the same attorney then tried to raise the claim on direct appeal. Thus, even accepting *arguendo* that this could constitute a valid strategic choice at the trial court level, counsel's subsequent actions are inconsistent with that choice. Thus, we do not address this prong.

merit is usually linked to the validity of the underlying legal theory. **See, e.g.**, **Commonwealth v. Drummond**, 285 A.3d 625, 644 (Pa. 2022) (holding that a challenge to reasonable doubt instruction using a hypothetical had arguable merit based on relevant precedents casting doubt on such instructions); **Commonwealth v. Hanible**, 30 A.3d 426, 444 (Pa. 2011) (concluding that a claim counsel ineffectively failed to object on Sixth Amendment grounds lacked arguable merit because of well-settled law foreclosing that argument); **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa. Super. 2020) (concluding that a claim of ineffective assistance for failing to challenge expert testimony had arguable merit because the methodology employed by expert "was 'novel' science not generally accepted in the field of forensic pathology").

We conclude that the claim had arguable merit in the sense that it was a viable and legally cognizable claim. "The *threshold* inquiry in ineffectiveness cases is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness, was of arguable merit, for counsel *cannot* be considered to be ineffective for failure to assert a meritless claim." **Commonwealth v. Stoyko**, 475 A.2d 714, 723 (Pa. 1984) (all emphasis in original). The PCRA court's conclusion that the claim lacked arguable merit was equivalent to a finding that Appellant failed to establish prejudice because the claim would not have succeeded. While the PCRA court does not specifically address the weight of the evidence claim in terms of whether the verdict shocked its conscience, the PCRA court clearly would not have granted a new trial had counsel raised the claim. Indeed, the

PCRA court's concluding paragraph addressing this claim effectively merges the arguable merit prong with the prejudice prong. PCRA Court Opinion (PCO), 3/14/23, at 9 ("This [c]ourt also finds that [Appellant] failed to establish … how the outcome of the proceeding would have been different given that … [Appellant] failed to establish how the weight of the evidence claim had merit."). Because the court would not have granted relief, Appellant cannot establish prejudice.

Appellant's second claim faults trial counsel for failing to comply with the Rules of Appellate Procedure, causing this Court to quash his appeal from the order denying his request for a new preliminary hearing as untimely. Appellant claims that counsel's ignorance of the relevant rule prejudiced him because, had counsel filed a timely notice of appeal, this Court would have granted relief. Appellant's Brief at 21 ("Assuming *arguendo* that trial counsel filed the appeal within the appeal period … relief would have been granted by this Court."). However, we conclude that Appellant has failed to establish a reasonable probability that we would have reviewed the trial court's order denying his request for a new preliminary hearing.

> As a general rule, an order denying a pre-trial petition for *habeas corpus* is interlocutory. In the absence of exceptional circumstances, statutory authorization, or jurisdictional challenge, an order denying an application for discharge prior to trial, particularly where it is based upon the alleged insufficiency of evidence to establish a *prima facie* case before the magistrate, is unappealable.

*Commonwealth v. Schroeck*, 417 A.2d 702, 703 (Pa. Super. 1980).

- 9 -

Appellant has failed to show that any of these exceptions to the general rule were present, and, in turn, a reasonable probability that the outcome of the proceeding would have been any different, had counsel filed a timely appeal. In the analogous context of assessing whether appellate counsel ineffectiveness caused prejudice, courts consider the likelihood of what the court would have done. *See Commonwealth v. Williams,* 141 A.3d 440, 469 (Pa. 2016) ("On this record, we are nearly certain that if appellate counsel had raised a claim on direct appeal…, this Court would have reviewed the issues despite [the] failure to raise them in his post-sentence motion."). We are certain that this Court would not have reviewed the interlocutory order given the general rule and Appellant's failure to argue an exception to that rule. Accordingly, Appellant cannot establish prejudice.

Alternatively, Appellant's claim fails for a second reason: even if we assume that this Court would have proceeded to address the merits, reverse the trial court, and order a new preliminary hearing, Appellant still cannot show prejudice. Appellant assumes that the focus of the prejudice inquiry is confined to whether he would have succeeded in his interlocutory appeal and received a new preliminary hearing. We disagree, as we conclude that Appellant must show that the absence of a preliminary hearing had some conceivable effect on the trial itself.

It is axiomatic that "the concept of prejudice is defined in different ways depending on the context in which it appears." *Weaver v. Massachusetts*, 582 U.S. 286, 300 (2017). The *Weaver* case addressed an ineffective

- 10 -

assistance of counsel claim for failing to preserve a claim that the trial court inappropriately closed the courtroom to the public during jury selection, which is a structural error[5] and would have resulted in a new trial on direct appeal without any showing of prejudice. The Court proceeded on the assumption that counsel was ineffective. The key question was whether, for purposes of establishing prejudice in collateral proceedings, it was enough that the foregone claim would have resulted in a new trial on direct appeal. The **Weaver** Court held that the answer was no with respect to the structural error at issue.

The Court identified two ways in which Weaver could show prejudice. First, if the error always leads to a fundamentally unfair trial. Second, by showing a reasonable probability that the outcome at trial would have been different had counsel objected. The Court concluded that Weaver could not show either possibility. As to the first theory, the Court observed that a violation of the right to a trial open to the public does not render a trial fundamentally unfair in every case. Regarding the second type of prejudice, the Court concluded that Weaver did not show a reasonable probability that the error had any bearing on the outcome at trial. It explained:

> Although the case comes on the assumption that petitioner has shown deficient performance by counsel, he has not shown prejudice in the ordinary sense, *i.e.*, a reasonable probability that

---

[5] The label "structural error" applies to the class of errors that always result in a new trial if raised on direct appeal. **Weaver**, 582 U.S. at 295-96.

the jury would not have convicted him if his attorney had objected to the closure.

It is of course possible that potential jurors might have behaved differently if petitioner's family had been present. And it is true that the presence of the public might have had some bearing on juror reaction. But here petitioner offered no "evidence or legal argument establishing prejudice" in the sense of a reasonable probability of a different outcome but for counsel's failure to object.

*Id.* at 303 (citation omitted).

Similarly, Appellant has made no attempt to explain how the lack of a second preliminary hearing had any bearing whatsoever on the outcome of the actual trial. In fact, any errors concerning the preliminary hearing are not structural and do not entitle a defendant to a new trial even on direct review. *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991) ("Once [an] appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial[.]"). Thus, the complained-of error does not remotely compare to a structural error. Accordingly, Appellant would have to establish prejudice in the ordinary *Strickland*/*Pierce* sense. To the extent that Appellant maintains that the victim's testimony came as a surprise to him or otherwise deprived him of his due process rights, Appellant could have pursued those specific claims on direct review or as derivative claims of ineffectiveness.[6]

_____

[6] Appellant makes two primary complaints: (1) that the victim did not testify and was thus not cross-examined until trial, and (2) that the Commonwealth's amendment of the timeframe hampered his preparation. As to the first, the witness testified at trial and was subject to cross-examination. Appellant does

*(Footnote Continued Next Page)*

Appellant's third claim asserts that counsel ineffectively failed to consult with him after our direct appeal decision to discuss filing a petition for allowance of appeal with our Supreme Court. Appellant has failed to show prejudice.

In **Commonwealth v. Liebel**, 825 A.2d 630, 635 (Pa. 2003), our Supreme Court recognized the cognizability of a claim that counsel ineffectively failed to seek discretionary review with that Court. While there is no constitutional right to have a criminal appeal heard by the Supreme Court of Pennsylvania, the right to file a petition is conferred by the Rules of Appellate Procedure. Thus, if a client requests that his or her attorney seek review with the Supreme Court, the attorney must do so; otherwise, a client is denied their right to counsel.

_____

not presently argue that this opportunity was insufficient. **See generally Delaware v. Fensterer**, 474 U.S. 15, 19 (1985) (stating that the right to confrontation is normally satisfied if trial court does not limit the scope or nature of cross-examination); **California v. Green**, 399 U.S. 149, 157 (1970) ("[I]t is this literal right to 'confront' the witness at the time of trial that forms the core of the values furthered by the Confrontation Clause[.]").

As to the second, defendants can raise, in challenges to the sufficiency of the evidence, assertions that the Commonwealth's failure to provide sufficient chronological specificity denied the defendant's due process rights. **See Commonwealth v. Devlin**, 333 A.2d 888 (Pa. 1975) (concluding that defendant's due process right to present a defense was violated when victim alleged one act of sexual abuse which could have occurred during fourteen-month timespan); **Commonwealth v. Jette**, 818 A.2d 533, 535 (Pa. Super. 2003) (acknowledging that due process protections apply but further recognizing that "the Commonwealth must be allowed a reasonable measure of flexibility when faced with the special difficulties involved in ascertaining the date of an assault upon a young child") (citation omitted).

A different test applies where the client has not expressed a desire to seek further review. "Where no request has been made, an appellant must establish that a duty to consult was owed." ***Commonwealth v. Bath***, 907 A.2d 619, 623 (Pa. Super. 2006). "This does not require [the] appellant to demonstrate that the Supreme Court would likely grant review to a petition for allowance of appeal, but only that [the] appellant must show that any issue rises above frivolity." ***Id.*** at 623-24.

Here, Appellant has failed to show that either possibility applies. At the PCRA hearing, Attorney Garofalo testified that he recalled receiving a phone call from Appellant's wife after we affirmed Appellant's judgment of sentence. Attorney Garofalo recalled telling the caller that Appellant "needs to let me know if I'm to go to the Supreme Court." N.T., 11/2/22, at 15. He did not recall any further conversations with Appellant or the caller.

Appellant testified that he learned of our decision denying his direct appeal while housed in the Westmoreland County jail, and immediately sent Attorney Garofalo a request to file a petition for allowance of appeal. Appellant also testified that a woman named "Elisa," who did not testify at the hearing, contacted Attorney Garofalo on his behalf with a request to file the petition.[7] On cross-examination, Appellant admitted that he was in a state correctional facility when this Court issued its decision and therefore could not have sent

---

[7] Presumably, "Elisa" is the person to whom Attorney Garofalo spoke. Appellant was asked if she "possibly refers to herself as your wife or girlfriend" and Appellant replied that he does not know how she refers to herself in relation to him. N.T., 11/2/22, at 32.

a request from the county jail. The PCRA court noted that this testimony was contradictory and deemed Appellant's testimony "not credible." PCO at 15.

As to a duty to consult, Appellant maintains that he "only has a burden to establish that there existed issues of merit for further review." Appellant's Brief at 25. Appellant cites Attorney Garofalo's testimony at the PCRA hearing that he believed the claims pursued on direct appeal had merit. We conclude that Appellant has failed to establish a duty to consult existed. In **Bath**, we likewise determined that the litigant had failed to establish a duty to consult. The PCRA petitioner "may establish a duty to consult by indicating issues that had any potential merit for further review." **Bath**, **supra** at 623. Appellant fails to reference any specific issue(s), instead simply citing the fact that trial counsel believed that this Court erred in rejecting the claims he raised on direct appeal. That is not sufficient. In **Bath**, we criticized Bath for failing to explain why his appellate issues merited further review:

> Bath challenged the sufficiency of the evidence on direct appeal and several other issues that were deemed waived for failure to preserve them at trial. Appealing such issues further appears manifestly frivolous. It was incumbent upon Bath to demonstrate to this Court why that was not the case. Bath has offered no argument in support of any of the issues raised on direct appeal. Therefore, we find that Bath has not met his burden of showing how he was prejudiced by counsel's failure to consult with him regarding a petition for allowance of appeal. In the absence of prejudice, we cannot find that counsel was ineffective.

*Id.* at 624.

Appellant has failed to meet his burden of establishing prejudice. He does not discuss any of the issues presented on direct appeal, opting to rely

- 15 -

only on counsel's belief that relief should have been granted. Appellant impliedly suggests that a duty to consult exists simply because preserved issues exist. However, that is not the case. Appellant must show which issues, if any, he believed warranted further review, and why. On this point, Appellant's argument is confusing. He cites the portion of the evidentiary hearing where PCRA counsel asked, "Raising it on direct appeal, did you believe at the time that the weight of the evidence argument at least had merit?" Appellant's Brief at 26 (quoting N.T., 11/2/22, at 13). This issue was deemed waived, and we did not address in the alternative the merits of the issue.[8] Thus, Appellant suggests that counsel had a duty to consult with Appellant regarding further review of a claim that was deemed waived. Appellant fails to explain why the Supreme Court would review an issue that was waived. As in **Bath**, we agree that such a claim is frivolous.

Finally, Appellant's fourth issue addresses the legality of his sentence with respect to his duties to register as a sexual offender due to his convictions. Appellant cites our Supreme Court's decision in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020), which remanded to the trial court for further development of the validity of the legislative finding underlying the irrebuttable presumption that sex offenders as a class pose a high risk of sexual crime recidivism.[9] Appellant presents this issue for purely strategic

---

[8] Nor could we since the trial court must rule on the claim in the first instance.

[9] The matter returned to the Supreme Court on May 23, 2023. No decision has issued as of this memorandum's publication.

reasons and does not request any form of relief. Appellant's Brief at 29 ("Appellant recognizes that there currently exists no Superior nor Supreme Court ruling that implies that … registration requirements are unconstitutional, but the same is being preserved so that it is not deemed waived."). As Appellant does not request relief, we take no further action.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 3/7/2024